■ DAVID MASSEY, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [672 NYS2d 679] —Appeal from order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 19, 1996, which denied defendant-appellant City of New York's motion to vacate the prior order, striking its answer for disclosure noncompliance, unanimously dismissed, without costs, as taken from a nonappealable order.

Although appellant denominated its motion as one to vacate its default in not opposing plaintiff's earlier motion to strike its answer, the IAS Court explicitly stated, and indeed appellant now explicitly argues in its reply brief, that plaintiff's earlier motion, resulting in the January 5, 1995 order, was not granted on default but on the merits, for failure to comply with a prior disclosure order. If that was the case, then appellant's instant motion to vacate the prior order was "in actuality, one to reargue" that order, which was denied by the IAS Court, rendering the order on appeal nonappealable (*Federation of Puerto Rican Orgs. v Mateo*, 235 AD2d 326, *lv dismissed* 90 NY2d 844). In any event, assuming that the order on appeal effectively granted a timely motion for reargument, and, upon reargument, adhered to the January 5, 1995 order, we would affirm, inferring willful and contumacious conduct from appel-

lant's failure to respond to two discovery demands and to comply with three court orders directing it to furnish documents, and rejecting appellant's claim of law office failure attributable to personnel shortages and budgetary cuts in the absence of any indication of efforts to avoid or minimize the delay (*cf.*, *Ferrara v Guardino*, 164 AD2d 932, 933) or to alert the court in any meaningful way of its difficulties in procuring the demanded documents (*see*, *Periphery Loungewear v Kantron Roofing Corp.*, 214 AD2d 438). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.