■ PHILIP F. RUTH, Appellant, v SHALOM BROTHERS, INC., et al., Respondents. [714 NYS2d 482] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 17, 1999, which, upon the parties' respective motions for summary judgment, dismissed the complaint, unanimously modified, on the

law, to grant plaintiff judgment on the first cause of action in the amount of $3,928.25, grant plaintiff judgment on the issue of liability on the second, fourth and eighth causes of action, and deny both sides judgment on the third, sixth and seventh causes of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 2, 1999, which denied plaintiff's motion for reargument, unanimously dismissed, without costs.

Only the fifth cause of action should have been dismissed on res judicata grounds. A previous nonpayment summary proceeding against defendant tenant Shalom Brothers, Inc. was settled by stipulation, wherein, in consideration of payment of Shalom's rent through a specific future date, plaintiff landlord agreed to discontinue a then pending action in Supreme Court brought to enforce the individual defendants' guarantees. We find that under that stipulation, any subsequent default by Shalom under the lease was to have no effect on the discontinuance. Therefore, plaintiff is barred from raising the discontinued Supreme Court claims, including the one for his attorneys' fees incurred in the summary nonpayment proceeding, in this action.

The order on appeal should otherwise be modified as indicated above. The subject guarantees are not limited only to defaults in the payment of rent, and are clearly broad enough to encompass all of the defaults invoked. Concerning the first cause of action, defendants' conclusory, undocumented claim that they have paid all money owed for Shalom's rent is insufficient to raise a bona fide issue of fact as to such payment. Concerning the second cause of action, plaintiff's successful holdover proceeding in which, among other things, he was awarded attorneys' fees for services rendered in that proceeding has no collateral estoppel effect on his enforcement of the guarantees for purposes of recovering the reasonable attorneys' fees he incurred after the holdover proceeding. We would also note that the holdover proceeding, which necessarily sought only possession of the premises, could not have been maintained against defendants' guarantors, who were not named in the leases. Concerning the third cause of action, an issue of fact exists as to whether the space in question was restored to its original condition upon Shalom's vacating of the premises. Concerning the fourth cause of action, since Shalom undisputedly breached its lease by not vacating the premises upon expiration of the lease, plaintiff is entitled, under the clear terms of the stipulation settling the nonpayment proceeding, to recover from Shalom the balance of the actual amount of at-

torneys' fees he incurred in the nonpayment proceeding, if reasonable. Concerning the sixth and seventh causes of action, issues of fact exist as to the use and occupancy, if any, owed by defendant tenant Empire Management, and whether it restored the premises to their original condition upon vacating. Here too, plaintiff's claims did not accrue until after the conclusion of the holdover proceeding, and therefore are not barred by any collateral effect of that proceeding. Concerning the eighth cause of action, plaintiff is entitled, under the clear and broad terms of both the leases and the guarantees, to reasonable attorneys' fees incurred in the instant action. Concur— Tom, J. P., Mazzarelli, Ellerin, Lerner and Andrias, JJ.