(January 28, 2003)

■ HELEN KANAT et al., Respondents, v NEAL OCHSNER et al., Appellants, et al., Defendant. [755 NYS2d 371] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about February 20, 2001, which denied defendants' motion seeking reinstatement of an order, same court (Beatrice Shainswit, J.), entered December 23, 1999, which denied plaintiffs' motion for partial summary judgment, and vacatur of the succeeding order, same court (Beatrice Shainswit, J.), entered August 29, 2000, which granted plaintiffs' motion to reargue on default, and upon reargument, vacated its December 23, 1999 order, and granted plaintiffs partial summary judgment on liability on the first three counts of the complaint, unanimously affirmed, without costs.

In 1998, defendants Neal Ochsner (Ochsner) and Royalty Capital Corporation (RCC), as general partners, formed Royalty Capital Partners, LLP (the Partnership) with defendant Janine Golding Ochsner (Golding Ochsner) for the purpose of acting as an investment manager to a series of publicly registered limited partnership offerings which would invest in copyright and other book royalty interests. Plaintiffs are limited partners in the Partnership, having invested a combined total of $250,000.

Plaintiffs allege that shortly after making their investments, Ochsner and Golding Ochsner unilaterally abandoned the original purpose of the Partnership, created and substituted RCFC in place of the insolvent RCC as general partner and proceeded to invest plaintiffs' money in other investments without their consent. Plaintiffs further allege that they have not been furnished with any annual audits, received any return on their investment or received distribution of any profits from the Partnership.

Prior to the commencement of the instant action, Donald Sarin, a limited partner and a nonparty herein, filed suit in Massachusetts Superior Court against Ochsner, RCC and RCFC for breach of contract, breach of fiduciary duty, fraudulent conveyance and violation of Massachusetts consumer and securities fraud laws. Although these defendants appeared and answered the complaint, they failed to comply with numerous pretrial discovery requests, which resulted in a default order against them on the issue of liability and in the court's setting the matter down for an assessment of damages. After an inquest was held in which Ochsner appeared and testified, a judgment was entered against the above-named defendants in the amount of $268,835.49.

Upon learning of the existence of this Massachusetts judgment, plaintiffs commenced the instant action, alleging essentially the same claims as those interposed in the Massachusetts action. Plaintiffs contend that all of the defendants, except for Henry Golding, are collaterally estopped from relitigating the issues adjudicated in the Massachusetts action. Plaintiffs further contend that although the Massachusetts judgment was issued only against Ochsner and RCFC, all of the defendants, except for Henry Golding, were in privity with the two judgment debtors and are likewise precluded. By order dated December 21, 1999, the motion court denied plaintiffs' motion, finding, inter alia, that the Massachusetts judgment against Ochsner and RCFC was obtained upon their default in responding to a discovery order and thus, "not the kind of judgment which may serve to bar defendants from defending themselves in the present action."

Plaintiffs subsequently moved for leave to reargue, asserting that the Massachusetts judgment resulted from issues actually litigated and determined in Massachusetts by Ochsner and RCFC. Noting that defendants failed to submit any papers in opposition, the motion court granted leave by order dated August 25, 2000 and, upon reargument, granted plaintiffs' motion for partial summary judgment against all defendants, except Henry Golding, finding that the doctrine of collateral estoppel applies to the instant matter and finding defendants, except Henry Golding, to be in privity with Ochsner and RCFC.

Defendants moved for an order, pursuant to CPLR 2221, to vacate both their default in opposing the motion to reargue and the resulting order and to reinstate the order dated December 21, 1999. By order dated February 14, 2001, the motion court determined that defendants' motion was, in effect, one seeking vacatur of an order pursuant to CPLR 5015 (a) and, as such, denied defendants' motion since they failed to demonstrate the requisite "reasonable excuse" for the default. Defendants, except for Henry Golding, now appeal from this order.

The motion court properly found defendants' motion to be one to vacate a default order pursuant to CPLR 5015 (a) rather than one for leave to reargue pursuant to CPLR 2221 (a) (see *Massey v City of New York*, 249 AD2d 245). Furthermore, the motion court appropriately reasoned that defendants failed to demonstrate both a reasonable excuse for the default and a meritorious defense to the action (CPLR 5015 [a]; see *Goncalves v Stuyvesant Dev. Assoc.*, 232 AD2d 275; *Dimitratos v City of New York*, 180 AD2d 414). Ochsner's bare and self-

serving contention that he was unable to afford counsel made without any offer of financial proof is not a reasonable excuse for the default (*see Moore v Claudio*, 224 AD2d 502; *Rottenberg v Lerner*, 232 AD2d 395). Similarly unavailing is Ochsner's contention that he was acting pro se and mistakenly believed that, based upon the order dated December 21, 1999, defendants did not have to file opposition papers to the reargument motion since the Massachusetts judgment was based on a default that could not be used as a basis for collateral estoppel (*see Roundtree v Singh*, 143 AD2d 995).

Although collateral estoppel is generally not available where the judgment in the prior action was obtained on default, such is not the case here. It is undisputed that defendants appeared and answered in the Massachusetts action and engaged in extensive motion practice caused for the most part by defendants' wilful and contumacious pattern of selective, partial responses to various pretrial discovery demands. Defendants therein had a full and fair opportunity to fully litigate the underlying merits of the Massachusetts action, but affirmatively chose not to by their own failure to comply with court orders. Defendants therein charted the course of their own litigation, engaging in conduct intentionally calculated to frustrate and impede the court to whose jurisdiction they submitted by their general appearance and by interposing an answer. The merits of the action were, therefore, determined in accordance with the position they adopted. The Massachusetts court made specific factual findings germane to the instant action at the inquest to assess damages in which Ochsner appeared and testified. In particular, the Massachusetts court found that Ochsner and RCFC had willfully breached certain contractual and fiduciary duties owed to the Massachusetts plaintiff and found that the defendants violated Massachusetts consumer and securities fraud laws. The issue of liability of Ochsner and RCFC toward the limited partners was necessarily decided against Ochsner and RCFC, who had a full and fair opportunity to defend themselves before the Massachusetts court, which, following defendants' intentional conduct, correctly foreclosed further dialogue on the issue of liability.

This Court has considered appellants' remaining contentions and finds them unavailing. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.