Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 19, 2012, which, to the extent appealed from, granted defendant’s motion to dismiss the complaint, unanimously affirmed, with costs.
The first and second causes of action allege that defendant landlord breached the parties’ lease by failing, inter alia, to obtain a valid certificate of occupancy for the building, to remove building violations that interfered with plaintiff tenant’s intended use of the premises as specified in the lease agreement, to provide heat, and to deliver to plaintiff the entire premises as described in the lease. Since plaintiff could have raised these claims in defendant’s 2008 summary proceeding for nonpayment of rent, which resulted in consent judgments of possession and arrears in defendant’s favor, the causes of action were correctly dismissed pursuant to the doctrine of res judicata (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Ruth v Shalom Bros., 276 AD2d 408 [1st Dept 2000]; 99 Cents Concepts, Inc. v Queens Broadway, LLC, 70 AD3d 656 [2d Dept 2010]). These claims were inextricably intertwined with defendant’s claims in the summary proceeding (see All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d 512 [2d Dept 2005]). The doctrine of res judicata also bars the fifth cause of action, which alleges that defendant lacked capacity to bring the summary proceeding since it was not authorized to do business in New York State, and the sixth cause of action, which seeks an injunction directing that plaintiff be restored to possession of the premises, based on the contention that defendant was not entitled to bring the summary proceeding (see *547 Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 461 [1986]).
The third cause of action, which alleges that defendant was unjustly enriched by the value of the improvements plaintiff made to the premises, was correctly dismissed on the ground that it is conclusively refuted by documentary evidence (see Leon v Martinez, 84 NY2d 83, 88 [1994]). The lease agreement provided that fixtures added to the premises would become part of the premises and that any non-fixtures left behind by plaintiff would be deemed abandoned by it. Moreover, plaintiffs principal signed a release stating that any personal items left behind by plaintiff would be deemed abandoned. The fourth cause of action, to the extent it alleges conversion of property, was correctly dismissed for the same reasons. To the extent it alleges that defendant converted plaintiffs security deposit, the fourth cause of action is flatly refuted by the lease provision allowing defendant to use the security deposit towards plaintiffs unpaid rent obligations and the stipulations and final judgment wherein plaintiff acknowledged that it owed rent arrears well in excess of the amount of the security deposit. Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.