Rodriguez v Sharma (2019 NY Slip Op 08937)





Rodriguez v Sharma


2019 NY Slip Op 08937


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10555N 303136/15

[*1] Mercedes Rodriguez, Plaintiff-Respondent,
v
Amy Sharma, et al., Defendants-Appellants, Oneida Reyes, Defendant. [And a Third-Party Action]


James G. Bilello & Associates, Hicksville (Susan J. Mitola of counsel), for appellants.
Helen Dalton & Associates, P.C., Kew Gardens (Thomas W. Reimel of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about December 13, 2018, which, to the extent it granted plaintiff Mercedes Rodriguez's motion to renew and reargue on default, and upon reargument, vacated its September 28, 2017, order, and denied the Sharma defendants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the Sharma defendants' motion granted. The Clerk is directed to enter judgment dismissing the complaint as against the Sharma defendants.
Plaintiff properly moved for leave to reargue pursuant to CPLR 2221(a), as the motion court engaged in a merits determination by considering the parties' deposition testimony (see Massey v City of New York, 249 AD2d 245 [1st Dept 1998]). However, upon granting reargument, the motion court should have adhered to its original determination granting Sharma defendants' motion for summary judgment.
It is well established that a rear-end collision with a stopped vehicle creates a prima facie case of negligence on the part of the operator of the moving vehicle unless the operator presents evidence sufficient to rebut the inference of negligence (see De La Cruz v Ock Wee Leong, 16 AD3d 199 [2005]). A sudden stop of the front vehicle is a non-negligent explanation for a rear-end collision (see Barry v City of New York, 283 AD2d 300 [2001]). Here, defendant Amy Sharma's unrefuted testimony submitted in support of defendants' motion for summary judgment indicated that, prior to being rear-ended, her vehicle was stopped at the time, in stop and go traffic conditions, due to a car stopped in front of her. Accordingly, there are no triable
issues, and summary judgment should have been granted dismissing the matter as against the Sharma defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK