Perez v 76th & Broadway Owner, LLC (2022 NY Slip Op 04108)

Perez v 76th & Broadway Owner, LLC

2022 NY Slip Op 04108

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 151078/20 Appeal No. 16197 Case No. 2022-00807 

[*1]Max Perez et al., Plaintiffs,
v
76th and Broadway Owner, LLC et al., Defendants-Respondents.
76th and Broadway Owner, LLC et al., Third-Party Plaintiffs-Respondents,
v
General Glass & Metal, LLC, Third-Party Defendant-Appellant.

Collins, Fitzpatrick & Schoene, LLP, White Plains (Ralph F. Schoene of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Adam Oustatcher of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered October 8, 2021, which granted defendants/third-party plaintiffs' motion to strike third-party defendant subcontractor's (General Glass) answer, unanimously affirmed, with costs.
In this personal injury action arising from a workplace accident (see generally 76th & Broadway Owner LLC v Consolidated Edison Co. of N.Y. Inc., 160 AD3d 447, 447 [1st Dept 2018]), Supreme Court properly struck the answer, as General Glass, "the party against whom collateral estoppel is sought to be invoked[,] . . . appeared in the prior action or proceeding and has, by deliberate action, refused to defend or litigate the charge or allegation that is the subject of the preclusion request," namely, claims for contractual indemnification and failure to procure insurance (Matter of Abady, 22 AD3d 71, 83-84 [1st Dept 2005]). Specifically, the decision in the prior action "established [General Glass's] failure to comply with four court orders requiring it to appear for deposition," and "indicate[d] that its president wilfully refused to comply with the court's mandates" (76th & Broadway Owner, LLC v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 621, 622 [1st Dept 2019]). As such, General Glass "therein had a full and fair opportunity to fully litigate the underlying merits . . . but affirmatively chose not to by [its] own failure to comply with court orders" (Kanat v Ochsner, 301 AD2d 456, 458 [1st Dept 2003]; accord Lodge v Fraternidad Realty Corp., 205 AD3d 453 [1st Dept 2022]; see also Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
We decline to consider General Glass' argument, raised for the first time on appeal, that the anti-subrogation rule bars defendants from seeking to recover from it, as it is "not [a] purely legal argument[]" (27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021]).
We have considered General Glass' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022