| |
|---|
| **Deeton v Ruckus 85 Corp.** |
| 2024 NY Slip Op 32962(U) |
| August 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656500/2023 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. GERALD LEBOVITS

*Justice*

PART   07

------------------------------------------------------------------------X

YVETTE GEORGES DEETON,

Plaintiff,

- v -

RUCKUS 85 CORP. and RABIN WALKER, LLC,

Defendants.

------------------------------------------------------------------------X

INDEX NO.   656500/2023

MOTION SEQ. NO.   001 002

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 40, 43, 45, 49, 50, 51, 52, 53, 54, 62, 64

were read on this motion for            DISMISSAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 44, 46, 55, 56, 57, 58, 59, 60, 63, 65

were read on this motion for            DISMISSAL            .

*Robert E. Sokolski, Esq.*, Syosset, NY, for plaintiff.
*Platte, Klarsfield & Levine, LLP*, New York, New York (Jeffrey Klarsfield of counsel), for defendant Rabin Walker LLC.
*Smith, Gambrell & Russell, LLP*, New York, New York (Daniel S. Goldstein of counsel), for defendant Ruckus 85 Corp.

Gerald Lebovits, J.:

Defendant Ruckus 85 Corp. is a cooperative corporation that is the owner and landlord of the 85 Walker Street building in Manhattan. Plaintiff, Yvette Georges Deeton, resided at 85 Walker Street until February 2022, when Ruckus terminated plaintiff's lease and demanded that she vacate her shares in the cooperative. Defendant Rabin Walker LLC purchased plaintiff's cooperative shares at auction in March 2022.

Later in March 2022, plaintiff sued Ruckus in this court. (*See Deeton v Ruckus 85 Corp.*, Index No. 152632/2022, Sup Ct, NY County, Goetz, J.) The court dismissed that suit because plaintiff failed to serve the complaint. (*Id*. at NYSCEF No. 46.)

In December 2023, plaintiff brought this action against Ruckus and Rabin. Plaintiff asserts eight causes of action: (1) declaratory judgment, (2) injunctive and equitable relief, (3) breach of covenant of quiet enjoyment against Ruckus, (4) conversion against Ruckus, (5) breach

of covenant of good faith and fair dealing against Ruckus, (6) unjust enrichment against both defendants, (7) abatement against Ruckus, and (8) attorney fees. (NYSCEF No. 1.)

Rabin now moves to dismiss plaintiff's first, second, and sixth causes of action against it (mot seq 001). Ruckus moves to dismiss plaintiff's entire complaint against it (mot seq 002).

## DISCUSSION

### I.     Motion Sequence 001

Rabin argues that plaintiff's declaratory-judgment and injunctive-relief claims seek remedies that are precluded as a matter of law. (*See* NYSCEF No. 19 at 5.) Rabin is correct. Plaintiff's cooperative was sold to Rabin in March 2022. (NYSCEF No. 19 at 3.) Because plaintiff's cooperative unit has already been sold, this court cannot undo the sale through granting plaintiff declaratory or injunctive relief. (*See Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC*, 174 AD3d 150, 163 [1st Dept 2019] ["[A]fter disposition of the collateral, a debtor may seek money damages, as an offending party 'is liable for damages in the amount of any loss caused by a failure to comply with [UCC article 9]. . . .'"], quoting UCC 9-625 [b].)

Thus, plaintiff's claims for declaratory judgment and injunctive relief against Rabin are dismissed. For the same reasons, this court dismisses sua sponte plaintiff's declaratory-judgment and injunctive-relief claims against Ruckus.

Rabin also seeks to dismiss plaintiff's unjust-enrichment claim against it on the ground that the relationship between Rabin and Ruckus is too attenuated. (NYSCEF No. 19 at 6.) The court agrees that this claim should be dismissed as well. Plaintiff does not address Rabin's motion to dismiss plaintiff's unjust- enrichment claim. (*See e.g. M.H. v Bed Bath & Beyond Inc.*, 156 AD3d 33, 38 [1st Dept 2017] [granting plaintiff summary judgment because defendant did not dispute plaintiff's evidence].) Moreover, plaintiff's complaint does not contain sufficient allegations to sustain its claim for unjust enrichment against Rabin. Plaintiff does not allege that (1) Rabin knew of any wrong done to plaintiff or (2) Rabin participated in Ruckus' alleged wrongful conduct against plaintiff. (*See Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 518 [2012] [dismissing a claim for unjust enrichment alleging nothing more than an arm's length business transaction].)

Thus, plaintiff's unjust-enrichment claim against Rabin is dismissed. Plaintiff's request for punitive damages against Rabin for being unjustly enriched is denied as academic.

### II.     Motion Sequence 002

Ruckus moves to dismiss plaintiff's claims against it under CPLR 3211 (a) (1), (a) (5) and (a) (7).

**CPLR 3211 (a) (7):** Ruckus argues that plaintiff's complaint makes no factual allegations demonstrating that Ruckus acted outside its scope of authority when it terminated plaintiff's lease. (NYSCEF No. 39 at 10.) Co-op board determinations of objectionable conduct

[* 2]

by a shareholder are not subject to judicial review unless there are allegations that the board acted (1) outside its proper scope of authority, (2) illegally or discriminatorily, or (3) in bad faith. (*See e.g. 40 W. 67th St. Corp. v Pullman*, 100 NY2d 147, 153-154 [2003].) But plaintiff's complaint includes factual allegations that Ruckus acted in bad faith. (NYSCEF No. 1; NYSCEF No. 60 at 13 [plaintiff's list of Ruckus's alleged bad-faith acts].) The branch of this motion to dismiss under CPLR 3211 (a) (7) is denied.

Ruckus also contends that plaintiff's abatement claim should be dismissed pursuant to CPLR 3211 (a) (7). (NYSCEF. No. 39 at 16.) On a CPLR 3211 (a) (7) motion to dismiss, the pleading must (1) be liberally interpreted, (2) accept the facts alleged in the complaint as true, (3) give plaintiff the benefit of every possible favorable inference, and (4) determine whether the facts alleged fit into any cognizable legal theory. (*See e.g. Leon v Martinez*, 84 NY2d 83, 88 [1994].) Ruckus suggests that an abatement is not a cause of action. (NYSCEF No. 39 at 16 ["[Ruckus] is not aware of a cause of action sounding in abatement. . . ."].) Ruckus is correct: Plaintiff's abatement cause of action is not a cause of action but a remedy. Plaintiff states that she is entitled to a rent abatement because Ruckus failed to provide plaintiff with a habitable apartment. (NYSCEF No. 1 at ¶ 119-123; NYSCEF No. 55 at 2, 3.) But plaintiff does not state a cognizable legal theory that would entitle her to an abatement.

**CPLR 3211 (a) (1):** Under CPLR 3211 (a) (1), the documentary evidence must conclusively establish a defense as a matter of law. (*See e.g. Leon*, 84 NY2d at 88.) Here, Ruckus fails to establish conclusively a defense to plaintiff's claims against it. Ruckus's CPLR 3211 (a) (1) motion is denied.

**CPLR 3211 (a) (5):** Ruckus asserts that the collateral-estoppel doctrine bars plaintiff's claims. (NYSCEF No. 39 at 5.) Ruckus points to the prior suit between plaintiff and Ruckus, in which plaintiff's motion for a preliminary injunction against Ruckus was denied. (NYSCEF No. 39 at 10.) The court that decided that case found that plaintiff did not show a likelihood of success, because Ruckus (1) discontinued the holdover proceeding before sending a 90-day pre-disposition notice compliant with UCC 9-611 (f), (2) properly terminated plaintiff's lease, (3) demanded a surrender of plaintiff's shares pursuant to the cooperative's bylaws, (4) sent plaintiff a notification-before-disposition-of-collateral compliant with UCC 611 and 613, and (5) held the sale of plaintiff's cooperative shares in a commercially reasonable manner permitted under plaintiff's proprietary lease, stock certificate, and cooperative's bylaws. (*See Deeton v. Ruckus 85 Corp.*, Index No. 152632/2022, NYSCEF No. 38 at 1.)

Plaintiff argues that collateral estoppel does not apply. According to plaintiff, the previous case between plaintiff and Ruckus did not reach a final judgment on the merits.

Ordinarily, collateral estoppel would not apply. The prior case was dismissed because plaintiff failed to serve a complaint. (*See e.g. Paramount Pictures Corp. v Allianz Risk Transfer AG*, 31 NY3d 64, 72 [2018] [finding that collateral estoppel applies only when the issues of fact or law were essential in determining the final judgment of the prior case].) But plaintiff (1) had a full and fair opportunity to litigate the issues when she moved for the preliminary injunction in the earlier case against Ruckus, and (2) intentionally allowed the case to reach a procedural final judgment. In these circumstances, the court's determinations in the prior action that were

3

necessary to support its preliminary-injunction ruling are entitled now to collateral-estoppel effect. (*See Kanat v Ochsner*, 301 AD2d 456, 458 [1st Dept 2003].)

In the prior action, the court's ruling that plaintiff could not show a likelihood of success on the merits was based on its determinations that Ruckus had acted properly at each stage of the process by which it terminated plaintiff's proprietary lease and sold her shares. Had plaintiff provided evidence potentially establishing that Ruckus had acted instead improperly at one of those stages, the court's likelihood-of-success conclusion would necessarily have changed. Each of the court's determinations, in other words, was necessary to its ultimate ruling. As a result, collateral estoppel precludes plaintiff from relitigating the legal and factual determinations underlying the prior action's preliminary-injunction ruling.

Collateral estoppel does not preclude plaintiff's breach-of-quiet-enjoyment, breach-of-covenant-of-good-faith-and-fair-dealing claim, or abatement claims against Ruckus: none of the issues resolved in the prior action disposes of those claims.

Collateral estoppel precludes plaintiff's conversion claim: That claim depends on whether Ruckus' UCC auction of plaintiff's cooperative shares was commercially reasonable and whether plaintiff's lease was properly terminated. Both issues were resolved in the prior actions. For the same reasons, collateral estoppel also precludes plaintiff's unjust-enrichment claim.

Accordingly, it is

ORDERED that Rabin Walker's motion to dismiss plaintiff's first, second, and sixth causes of action against it (mot seq 001) is granted, and those claims are dismissed; and it is further

ORDERED that Ruckus's motion to dismiss all of plaintiff's claims against it is granted with respect to plaintiff's first, second, fourth, sixth, and seventh causes of action as against Ruckus, and denied with respect to plaintiff's third, fifth, and eighth causes of action as against Ruckus; and it is further

ORDERED that the parties shall appear before this court for a telephonic preliminary conference on September 9, 2024.

<table>
<tr><td>8/21/2024</td><td></td><td></td><td></td><td>HON. GERALD LEBOVITS</td></tr>
<tr><td>DATE</td><td></td><td></td><td></td><td>J.S.C.</td></tr>
</table>

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

4

[* 4]