OPINION OF THE COURT
Memorandum.
On plaintiffs’ appeal the order of the Appellate Division should be reversed, defendant’s motion to vacate the de *650 fault denied and the certified question answered in the affirmative. In view of this disposition made on plaintiffs’ appeal, defendant’s cross appeal should be dismissed as academic.
Defendant’s moving papers fail to demonstrate an acceptable excuse for its delay in appearing and answering plaintiffs’ complaint and a meritorious defense to the action. It was error, therefore, to vacate its default (see Eaton v Equitable Life Assur. Soc. of U. S., 56 NY2d 900).
The summons and complaint were served on defendant on August 4,1981 and he promptly delivered the papers.to his personal attorneys who, in turn, delivered them to defendant’s insurance carrier. The carrier then delivered the papers to its counsel. Notwithstanding the insured’s prompt action, counsel failed to serve a notice of appearance or an answer to the complaint until after plaintiff entered a default judgment in January, 1982. During the period defense counsel did attempt to extend the time to appear by unilaterally serving a stipulation on plaintiff’s counsel on October 8,1981, but the stipulation was refused and it cannot serve as an appearance to extend defendant’s time to appear or avoid its default. Moreover, the only “defense” alleged by counsel retained to represent defendant is that there may be a question of coverage on the claim. That defense does not relate to the merits of the main action and is legally insufficient on this motion.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in memorandum.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]):
On plaintiffs’ appeal: Order reversed, with costs, defendant’s motion to vacate the default denied and question certified answered in the affirmative.
On defendant’s cross appeal: Cross appeal dismissed, without costs.