■ In the Matter of FRANCIS B. BORSCHING, Appellant, v MELODY BORSCHING, Respondent.—Order unanimously reversed on the law without costs and order dismissing cross petition reinstated. Memorandum: In response to a petition for enforcement of a Family Court order of support, respondent filed a cross petition for downward modification of that support order. Respondent did not appear on the scheduled date for a hearing, and her cross petition was dismissed without prejudice by the Hearing Examiner. Upon receiving a letter from respondent indicating that she did not appear because of inclement weather, the Family Court Hearing Examiner, sua sponte, reopened the hearing on the cross petition and granted the cross petition, reducing the amount of support. Family Court denied objections to the Hearing Examiner's order granting the cross petition, and this appeal ensued.

Neither the Family Court Act nor the Uniform Rules for the Family Court (22 NYCRR part 205) authorizes the informal "restoration" of a petition that has been dismissed. Thus, the CPLR governs the procedure to be used (see, Family Ct Act § 165 [a]; *Matter of Carmen R.,* 123 Misc 2d 238, 242). CPLR 5015 (a) (1) provides that a party may apply to vacate or modify an order or judgment upon the ground of excusable default by motion on notice to the adversary. In addition, an affidavit of merit is required (see, *Gray v B.R. Trucking Co.,* 59 NY2d 649, *rearg dismissed* 60 NY2d 586; *Diachuk v Diachuk,* 117 AD2d 985). In the alternative, because the petition was dismissed "without prejudice", respondent could have filed a new petition for the same relief. Requiring respondent to file a new petition or to move to vacate her default does not, in the context of this case, exalt form over substance. A downward modification, if granted, would take effect on the date the application was made (see, *Dowd v Dowd,* 178 AD2d 330; *Risely v Risely,* 173 AD2d 1103, 1104, *appeal withdrawn* 78 NY2d 960). The Hearing Examiner's informal procedure effectively deprived petitioner and the parties' children of the full amount of support to which they were entitled.

Although we do not reach the issue, we observe that the Hearing Examiner made no factual findings to support the imputation of $11,100 of adjusted gross income to respondent. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Child Support.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.