■ STEVEN MOORE, Respondent, v AL CLAUDIO et al., Appellants, et al., Defendants. [637 NYS2d 489] —In an action to recover damages for personal injuries, the defendants Al and Anna Claudio appeal from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 16, 1995, which denied their motion to vacate their default, and (2) a judgment of the same court, entered May 18, 1995, which is in favor of the plaintiff and against them in the principal sum of $36,300.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The Supreme Court properly exercised its discretion by denying the appellants' motion to vacate their default since the appellants failed to provide a reasonable excuse therefor *(see, Passalacqua v Banat,* 103 AD2d 769). The appellants' contention that they thought that their landlords' attorney was representing them is unpersuasive. The appellants did not move to vacate their default until more than one year after the plaintiff had moved for a default judgment and for an assessment of damages and approximately seven months after their landlords' motion for summary judgment had been granted. Moreover, the appellants' contention that they were unable to afford counsel is not a reasonable excuse for their default *(see, City of New York v Simmonds,* 172 AD2d 1081; *People v Scudds,* 195 AD2d 778, 779). In fact, this contention indicates that the appellants knew that they must answer the complaint, but that they chose not to do so. Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.