*292 OPINION OF THE COURT
Murray Pudalov, J.
Motion by respondent, Wayne H., to dismiss petitioner Anne H.’s petition to modify an order made by another court concerning support is granted and the petition is dismissed.
During the marriage of petitioner and respondent, three children were born, to wit: Shawn H., born September 29,1976; Megan H., born March 1, 1981; and Bridget H., born March 21, 1982. Marital difficulties ensued culminating in petitioner’s institution of an action for divorce in Nassau County Supreme Court by reason of cruel and inhuman treatment. An uncontested judgment of divorce was entered on April 10, 1987, awarding joint custody of the children to the parties with physical custody to petitioner and visitation to respondent as per a stipulation incorporated but not merged in the judgment.
Regarding child support, respondent was ordered to pay a total of $150 dollars per week to be effected by a payroll deduction order. The divorce judgment also included a boilerplate provision stating that the Supreme Court retains jurisdiction, concurrently with the Family Court, for the enforcement of its provisions or, "to the extent permitted by law, of making such further decree with respect to maintenance, custody or visitation as it finds appropriate under the circumstances existing at the time”.
Relying on that jurisdictional provision, in October 1988, petitioner sought an upward modification of the Supreme Court judgment, as it related to support, in the Nassau County Family Court. Petitioner alleged that respondent had realized a significant increase in his salary due to a recent promotion. On January 12, 1989, Hearing Examiner Tejindar S. Kahlon entered an order, on agreement and consent, increasing the weekly support amount to $180 dollars. Within months, petitioner filed a petition for a violation of the new support order based on respondent’s arrears of $720 dollars. Respondent was ordered to pay those arrears by increasing the weekly support to $230 dollars, which included the $180 plus $50 dollars for the arrears. After the arrears were paid in full in 1990, the support amount reverted back to $180 dollars payable directly to petitioner. Finally, in February 1991, petitioner filed for an additional upward modification of the support order, claiming a substantial increase in her expenses. On April 30, 1991, that petition was dismissed, without prejudice, for failure to pursue it.
*293 In December 1992, respondent moved in Supreme Court for a suspension of the payments of child support upon the ground that the petitioner wrongfully interfered with and withheld respondent’s visitation rights with the children. Allegedly, petitioner moved to Texas with the children. Based on her failure to appear and default, on February 18, 1993, Justice Harry H. Kutner granted respondent’s motion and suspended his obligation to pay child support and all related payroll deduction orders.
Faced with that suspension order, in July 1993, petitioner moved in Supreme Court to vacate the order by relieving her default in responding to respondent’s motion. On December 23, 1993, Judge Kutner denied petitioner’s motion reasoning that her relocation to Texas not only undermined the joint custodial arrangement but also deprived respondent of visitation, and, in any event, petitioner failed to show a meritorious defense excusing her default. No timely appeal was taken of that order.
On September 18, 1995, petitioner commenced the instant proceeding by filing a petition for a modification of the support order by the Supreme Court. Petitioner argued that because of her and the children’s return to New York State on August 18, 1995, the latest Family Court support order should be reinstated effective on that date and payable through the Nassau County Support Collection Unit. Although characterized as a "modification” petition, petitioner is essentially seeking that the court lift or set aside the Supreme Court order suspending all related orders of support.
In response to the petition, respondent moves to dismiss it pursuant to CPLR 3211 (a), alleging that (1) the cause of action is barred by the doctrine of collateral estoppel, (2) this court does not have jurisdiction to entertain the petition under Family Court Act § 466, (3) the suspension order was not timely appealed, and (4) petitioner continues to wrongfully interfere with respondent’s visitation rights. In opposition, petitioner points out that (1) an appeal of the suspension order or the related later order was impractical due to the arising "new facts”, (2) this court has jurisdiction under the jurisdictional provision of the judgment of divorce, and (3) petitioner has not interfered with respondent’s visitation. After a review of the parties’ well-developed arguments, this court agrees with respondent that it lacks jurisdiction to entertain the petition but based on reasons other than the ones enumerated.
Petitioner’s so-called modification petition does not involve a simple modification of a previously entered support order, for *294 which this court clearly may retain jurisdiction pursuant to Family Court Act § 466 (c), but rather necessitates this court to lift an order of suspension made by another court. Neither the Family Court Act nor the Uniform Rules for the Family Court (22 NYCRR part 205) authorizes either the lifting/setting aside of an order of suspension by Supreme Court or the restoration of a support order suspended by Supreme Court. Thus, the CPLR governs the procedure to be used (see, Family Ct Act § 165 [a]; Matter of Borsching v Borsching, 190 AD2d 1073).
Given the essence of the petition and the surrounding circumstances, CPLR 2221 (a) appears applicable (see also, CPLR 2217). CPLR 2221 (a) provides in pertinent part: "A motion for leave to renew or to reargue a prior motion * * * or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he[/she] is for any reason unable to hear it[.]”
Particularly, under this statutory provision, when new or additional material facts,, not present at the time the original motion was decided, now exist, a motion for renewal or rehearing is the proper procedural vehicle to change or modify an order (Bassett v Bando Sangsa Co., 103 AD2d 728; see also, CPLR 5015 [a] [2]). In any event, the most important factor of a CPLR 2221 (a) motion is that it must be made to the same court and Judge who signed the original order (Spahn v Griffith, 101 AD2d 1011, 1012; Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485, 488-489).
Applying the foregoing principles to the instant proceedings, it is clear that Family Court has no jurisdictional power to lift or set aside the order of suspension of child support granted by Judge Kutner in Supreme Court. Not only did Supreme Court suspend respondent’s obligation to pay child support without opposition, but, upon petitioner’s subsequent motion and supporting arguments, adhered to the prior suspension order. Family Court would be improperly usurping Judge Kutner’s authority to rehear, modify, stay or vacate his previously entered order of suspension. Petitioner must seek any CPLR remedies available to her in Supreme Court.
Accordingly, respondent’s motion to dismiss is granted and the petition is dismissed.