■ In the Matter of PRISCILLA S., a Person Alleged to be in Need of Supervision, Appellant. EDDIE S. et al., Respondents. [668 NYS2d 967] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: On August 6, 1996, respondent's parents filed a petition requesting that respondent, born June 19, 1980, be adjudged a person in need of supervision (PINS) based on her history of leaving and remaining away from home without petitioners' permission between September 1995 and July 1996. Upon the consent of the parties, Family Court referred the matter to the Probation Department for diversion. Upon the recommendation of the Probation Department and the consent of the parties, the court dismissed the petition "without prejudice" on September 18, 1996.

On January 11, 1997, petitioners filed a new PINS petition based upon acts allegedly committed by respondent after she became 16 years old. The court granted the Law Guardian's motion to dismiss that petition for lack of jurisdiction (*see,* Family Ct Act § 712 [a]; § 714 [a]; *Matter of Patricia A.,* 31 NY2d 83, 88-89). The court then reinstated the earlier petition over respondent's objection and proceeded to an adjudication and disposition based on it. "Neither the Family Court Act nor the Uniform Rules for the Family Court (22 NYCRR part 205) authorizes the informal 'restoration' of a petition that has been dismissed" (*Matter of Borsching v Borsching,* 190 AD2d 1073,

1074). Because that petition had been dismissed "without prejudice", however, petitioners could have filed a new petition based on the same allegations in the earlier petition (*see generally, Matter of Borsching v Borsching, supra,* at 1074). (Appeal from Order of Monroe County Family Court, Miller, J.—Person In Need of Supervision.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.