OPINION OF THE COURT
Renee R. Roth, S.
At issue in this probate proceeding in the estate of Marie Worms is whether service of a citation on a nonresident, without court order, is valid under the requirements of SCPA 307 if made by United States Postal Service (USPS) Express Mail, return receipt requested.
Until 1995, service by mail was not proper without court order. But the governing statute, SCPA 307 (2) (b), was amended (L 1995, ch 481, eff Sept. 1, 1995) to provide, in relevant part, that a court order is unnecessary if service of process on a non *924 resident is made by "mailing, including air mailing”. This provision represents the sole statutory exception to the requirement that service of process, other than by personal delivery, must be made pursuant to court order.
Although the statute specifies several types of service, it also makes clear that the enumerated methods are not exclusive (SCPA 307 [2]). Whether service is made by one of the methods specified in the statute, or by some other method prescribed by the court, the underlying principle is the same: notice of the proceeding must be given by a type of service that is consistent with due process. In this connection, "due process” requires a method of service calculated to assure the likelihood that the party to be served will receive actual notice of the proceeding.
Accordingly, this court, as a rule, has required that service by mail, with or without court order, be made by registered or certified mail, return receipt requested. If for some reason service is to be made by ordinary mail, that reason must be presented to the court and endorsed by a court order allowing such service.
As noted in other contexts (see, e.g., Matter of Aitken, 160 Misc 2d 587), our traditional rules have been put in question by technological progress, namely, in this case, the development of expedited mailing procedures. The question thus is whether Express Mail, return receipt requested, is in effect equivalent to registered or certified mail, return receipt requested. If there is such equivalency, no court order would have been required for the service by Express Mail on the nonresident party in this proceeding.
There are two features that have made registered and certified mailing, return receipt requested, the favored forms of mailing under the statute as construed by the court. First, with respect to registered and certified mailings, unlike ordinary mailing, USPS records that an item (having an identified addresser and addressee) has been deposited (at a certain time) to its care and custody. Second, the return receipt provides objective evidence that the item has been received by an addressee or by someone authorized by the addressee. In short, both special methods of mailing supply "governmental — as distinguished from personal — proof of mailing and of delivery and thereby proof of receipt” (Perl v New York City Hous. Auth., 35 Misc 2d 92, 96).
It is observed, furthermore, that USPS Publication 543 (Feb. 1995), which provides a full description of Express Mail procedures, confirms that an Express Mailing, with return *925 receipt requested, satisfies the same two purposes. Thus, recording of the Express Mail transaction — necessarily including the particulars concerning addressor, addressee, and time of deposit — is a standard feature of the procedure, since all Express Mail is tracked from time of deposit to time of delivery. A return receipt requested in connection with such a mailing provides the same proof of delivery that is available in the other types of permissible mailing.
Accordingly, it is concluded that the service of process in question was effective for purposes of SCPA 307 (2) (b).