■ In the Matter of CHERYL E. GILROY, Respondent, v JOSEPH M. BAIRE, Appellant. [666 NYS2d 83] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in modifying without a hearing its

prior order of disposition by imposing the condition that respondent attend a batterer's education program. The new condition of probation was imposed after an ex parte communication to the court from respondent's probation officer without notice to respondent, his attorney or the Law Guardian. The court did not require the probation officer to show that there was a batterer's education program available or otherwise establish "good cause" for the modification (Family Ct Act § 844). When the court was informed that there was no such program in Cattaraugus County, it nevertheless adhered to its determination to modify, applying the erroneous standard that such modification was an "exercise of [its] discretion."

Modification of an order of disposition may be made only after a hearing "held with the same regard for due process as the initial dispositional hearing. The burden of proof is on the party seeking the reconsideration or modification; both parties should have a full opportunity to be heard, and to call and cross-examine witnesses" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 844, at 200).

We therefore vacate that part of the order of disposition requiring respondent to attend a batterer's education program and remit the matter to Cattaraugus County Family Court for a hearing before a different Judge to determine whether the prior order of disposition should be modified "for good cause shown." (Appeal from Order of Cattaraugus County Family Court, Himelein, J.—Family Offense.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.