■ In the Matter of BETH A. HECK, Respondent, v JEFFRIE HECK, Appellant. [670 NYS2d 232] —Yesawich Jr., J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered January 6, 1997, which denied respondent's motion to restore the objections to an order of a Hearing Examiner to the calendar.

Following hearings on a petition filed by petitioner alleging that respondent violated a prior order of child support, a Hearing Examiner determined that respondent failed to comply with the order of support and ordered him to pay arrears, specified child support and other expenses associated with the parties' children. Respondent thereafter filed objections to the Hearing Examiner's order but failed to submit hearing transcripts—the hearings were held in 1993 and 1994—necessary to Family Court's determination. When three months elapsed and respondent had not complied with Family Court's request for the transcripts, the court denied the relief sought without considering the merits of respondent's objections. Soon thereafter, respondent moved to restore the objections to the calendar on the condition that he furnish the transcripts within 45 days. Family Court denied the motion and this appeal followed.

Family Court did not abuse its discretion in denying respondent's motion, which, in our view, is properly characterized as one seeking to vacate a default (*see, Lewis v Bendet*, 81 AD2d 856). Here, because respondent failed to comply with the court's requirement that he provide the transcripts—thus essentially defaulting in producing evidence necessary to demonstrate the merits of his position—Family Court denied his request for reversal or modification of the Hearing Examiner's decision. Hence, respondent's motion to reopen the matter, in which a final determination had been made (albeit not on the

merits), was akin to a motion to reopen a case in which an order or judgment has been entered on default (*cf.*, *Matter of Borsching v Borsching*, 190 AD2d 1073, 1074).

To prevail, respondent was obliged to demonstrate both a reasonable excuse for his failure to comply with Family Court's directive, and that his underlying claim has merit (*see*, *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650; *Salamak v Kay Lincoln Mercury*, 102 AD2d 820, 821). Having failed to proffer any proof tending to show that his objections are, in fact, warranted, respondent was not entitled to the relief he sought.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.