■ In the Matter of JANE ZULLO, Respondent, v GEORGE HOM, Appellant. [705 NYS2d 895] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals

from (1) an order of the Family Court, Nassau County (Koenig, J.), entered September 30, 1998, dismissing his objections to an order of the same court (Kahlon, H.E.), dated November 14, 1997, which, after a hearing, denied his petition to modify a prior order of child support, for failure to comply with an order directing him to provide the court with a transcript of the proceedings before the Hearing Examiner, and (2) an order of the same court (Koenig, J.), entered January 4, 1999, which denied his motion (a) to reargue the order entered September 30, 1998, and another order of the same court, also entered September 30, 1998, denying his objections to an order of the same court (Kahlon, H.E.), dated May 12, 1998, and (b) to impose a sanction upon the mother.

Ordered that the appeal from so much of the order entered January 4, 1999, as denied reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see, Matter of Hewlett v Roman,* 237 AD2d 288); and it is further,

Ordered that the order entered September 30, 1998, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered January 4, 1999, is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly dismissed his objections to the order of the Hearing Examiner dated November 14, 1997, because he failed to comply with a prior order directing him to provide a transcript of the proceedings before the Hearing Examiner, which was necessary to the Family Court's review of the Hearing Examiner's order (*see, Matter of Heck v Heck,* 248 AD2d 885).

The father's remaining contentions are without merit. Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.