■ Paul Gerlin, Respondent, v J. Homann Trucking. et al., Appellants. [757 NYS2d 21] —Order, Supreme Court, New York County (Milton Tingling, J.), entered November 20, 2001, which, in an action for personal injuries sustained in a car accident, denied defendants' motion to vacate a default judgment entered against them upon their failure to appear in the action, unanimously affirmed, without costs.

Defendants fail to offer a reasonable excuse for their long delay in moving to vacate their default, and thus their motion, when finally made, was properly denied regardless of whether they have a meritorious defense (see Crespo v Kynda Cab Corp., 299 AD2d 295 [2002]). Defendants learned of the action upon being served with process in June 1999, and, in July 1999, shortly after plaintiff moved for a default judgment, advised plaintiff's attorney that their insurer had been closed by postal authorities due to allegations of fraud, and requested additional time to hire an attorney on their own. Plaintiff's attorney responded that the motion for a default judgment was still sub judice. Thereafter plaintiff's attorney gave defendants notice of all proceedings, including a November 2000 notice of entry of the default judgment, but did not hear from defendants until June 2001, when they made the instant motion through an attorney who is representing them "on a pro bono basis." Under these circumstances, it does not avail defendants to assert that the postal authorities assured them that their claim would be honored but then never got back to them, and that they lacked the resources to hire an attorney on their own. Defendants knew from the beginning that they had to answer the complaint, and their failure over two years to take any steps to protect their interests is not reasonably excused by their claim that they were unable to afford an attorney (see Moore v Claudio, 224 AD2d 502 [1996]). Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.