Matter of Amina W. v Curven W. (2006 NY Slip Op 51608(U))

[*1]

Matter of Amina W. v Curven W.

2006 NY Slip Op 51608(U) [12 Misc 3d 1197(A)]

Decided on August 21, 2006

Family Court, New York County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2006

Family Court, New York County
In the Matter of a Family Offense Proceeding under article 8 of the Family Court Act Amina W., Petitioner,
against
Curven W., Respondent.
O-0859/06

John M. Hunt, J.
Respondent, Curven W., Jr., has moved to modify an order of protection entered by this
Court upon his default on June 2, 2006. For the reasons which follow, the motion is denied and
the order of protection is continued according to its stated terms and conditions.
By petition filed on January 3, 2006 petitioner, Amina W., alleged that the respondent,
Curven W., Jr., who is her father, has committed one or more family offenses against her (see,
Fam. Ct. Act §§812 [1], 821 [1]). Specifically, petitioner alleged that on January 2, 2006, her
father came to her home in Jamaica where she resides with her paramour, two young children
and her 82 year old grandfather (the father of the respondent) who suffers from early stage
Alzheimer's disease, and that he threatened her with physical violence leading to his removal
from the premises by police officers without further incident or an arrest.
Petitioner appeared before a Court Attorney-Referee on January 3, 2006 and was granted
a temporary order of protection directing that respondent commit no family offenses against her
[*2]
or her two children. The parties appeared before a Judge of the Court on March 1, 2006, counsel was assigned to Mr. W. (Fam. Ct. Act §262 [a] [ii]), the Court ordered an investigation by the
Administration for Children's Services ("ACS") (Fam. Ct. Act §1034 [1]), and the temporary
order of protection was continued. The parties appeared before this Court on March 22, 2006, the
Court received the report of the investigation conducted by ACS, assigned counsel to represent
petitioner and continued the temporary order of protection with the additional conditions that
respondent was to remain at least 500 feet from petitioner's residence and that he otherwise stay
away from petitioner and her children. A fact-finding hearing was scheduled for June 2, 2006
and the parties were advised to appear on that date. On June 2, 2006 the Court proceeded to the
fact-finding hearing upon respondent's default and, at the conclusion of the hearing, found by a
preponderance of the evidence that respondent committed the family offenses of Menacing in the
Third Degree (P.L. §120.15) and Harassment in the Second Degree (P.L. §240.26 [1]). The Court
then proceeded to a dispositional hearing and determined based upon petitioner's testimony and
the report of ACS that an order of protection should be issued against respondent for a period of
two years, directing that he commit no further family offenses against petitioner, her grandfather
or her children, that he remain away from petitioner at all times and that he not enter the
residence occupied by the petitioner and her grandfather without the express permission of both
of them (see, Fam. Ct. Act §§841 [d], 842 [a], [c], [e]; 22 NYCRR §205.74 [c]).
Thereafter, on June 26, 2006 respondent filed a motion seeking an order vacating the
order of protection entered upon his default. This motion was denied without prejudice when
respondent failed to appear when the case was called on the return date of the motion on August
4, 2006, although the petitioner was present in court. Moreover, because respondent's moving
[*3]
papers were facially deficient in that he did not provide a reasonable excuse for his failure to appear in court on June 2, 2006, nor did the papers set forth a meritorious defense to the petition
as required under Civil Practice Law and Rules §5015 (a) (1) (see, Matter of Gray v. B.R.
Trucking Co., 59 NY2d 649, 650; DiLorenzo v. A.C. Dutton Lumber Co., 67 NY2d 138, 141; 
Matter of Geraldine Rose W., 196 AD2d 313, 316, lv. dismissed 84 NY2d 967; Matter of
Borsching v. Borsching, 190 AD2d 1073, 1074; In re Francisco R., Jr., 19 AD3d 502), the Court
directed that any further applications by respondent concerning the order of protection be made
by order to show cause.[FN1]
On August 7, 2006 respondent filed this petition for "modification" of the June 2, 2006
order of protection. In support of his motion, which was filed by order to show cause, respondent
alleges that:
 I visit my father after taking care of him in the hospital to find him dirty
and stinking. I tried talking to my daughter about improving his life and
health [and] she resented the idea of me confronting her about my father.
She began pushing my buttons so I called 911 for help. I never did anything
wrong * * * [Respondent] is seeking to modify of dismiss[ ] the order of
protection.
Family Court Act §844 provides that: "[f]or good cause shown, the family court may after
hearing reconsider and modify any order issued under paragraphs (b), (c) and (d) of section eight
[*4]
hundred forty-one". "The primary purpose of this section is to allow the Court to refashion its
dispositional orders based on changed circumstances or new information" (Besharov, Practice
Commentaries, McKinney's Cons Laws of NY, Book 39A, Family Court Act, at 264 [West
1999]). While the statute requires that the Court conduct an evidentiary hearing prior to
modifying its prior order of disposition (Matter of Gilroy v. Baire, 245 AD2d 1077, 1078
[modification of an order of disposition may be made only after a hearing]), the statute does not
compel an evidentiary hearing in every instance.
It is now well-established that, unless a different procedure is specifically prescribed by
the Family Court Act (e.g., Fam. Ct. Act §1042), a motion pursuant to Civil Practice Law and
Rules §5015 is the appropriate procedure to seek relief from an order entered upon default
(Matter of Borsching v. Borsching, at 1074; Matter of Geraldine Rose W., at 316; Matter of
Jennifer DD., 227 AD2d 675, 676; Matter of Priscilla S., 244 AD2d 992, 992-993; Matter of
Heck v. Heck, 248 AD2d 885, 885-886; In re Sabrina Marie W., 304 AD3d 768; In re Francisco
R., Jr., at 502), and the provisions of Family Court Act §844 do not provide a procedural
alternative to a motion pursuant to Civil Practice Law and Rules §5015 where the order of
protection was issued upon default of the moving party and where, as here, the moving party
seeks to "modify or dismiss" the order of protection.[FN2] Any other construction of Section 844

would permit any defaulting party to seek relief from the order of disposition merely by filing a
[*5]
petition for reconsideration and modification, thereby depriving the hearing court and any
reviewing court of the opportunity to weigh the party's reasons for failing to appear and any
meritorious defenses that would justify reopening the default (see, Matter of Yarbough v. Franco,
95 NY2d 342, 347; Matter of Geraldine Rose W., at 317; Matter of Garland v. Garland, 24
AD3d 481, 481-482), which is contrary to the statutory scheme contained in Civil Practice Law
and Rules §5015.
Accordingly, it is therefore
ORDERED, that respondent's petition for reconsideration and modification of the order
of protection entered upon his default on June 2, 2006 is denied without prejudice to the filing
of a further motion for relief by order to show cause pursuant to Civil Practice Law and Rules
§5015.
This constitutes the order of the Court.
E N T E R:
__________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
August 21, 2006

Footnotes

Footnote 1:In support of the motion to vacate the order of protection issued on his default, Mr. W.
claimed that he was physically unable to appear on June 2, 2006. An affidavit by Felicity LaBoy, Ph.D., of the Veterans Administration Medical Center states that Mr. W. missed the June 2, 2006 court date "due to illness that resulted in his hospitalization on June 7-11, 2006" (emphasis added). Clearly this affidavit is insufficient in that provides no information concerning
respondent's whereabouts or his medical condition on June 2, 2006. In addition, the moving papers contained no factual claims that could be considered to be a meritorious defense to the allegations in the petition as amplified by the evidence received by the court at the fact-finding and dispositional hearings.

Footnote 2:Since Family Court Act §844 does not provide a specific procedure applicable to defaults in family offense proceedings, the relevant provisions of the Civil Practice Law and Rules are applicable (Fam. Ct. Act §165 [a]; Matter of Suffolk County Department of Social
Services [Michael V.] v. James M., 83 NY2d 178, 182; Matter of Geraldine Rose W., at 317;
Matter of Kyle M., 2002 NY Slip Op 40280(U), 2002 WL 1414286, app. dismissed 5 AD3d 489).