NARUN NAHAR, Respondent, v ABDUL J. AWAN et al., Appellants. [821 NYS2d 894]—

In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Kings County (M. Garson, J.), dated August 17, 2004, which granted the plaintiff's motion for leave to enter judgment upon their default in appearing or answering and setting the matter down for an inquest on the issue of damages, (2) from a judgment of the same court (Partnow, J.), dated June 2, 2005, which, after an inquest on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $75,000, and (3), as limited by their brief, from so much of an order of the same court (Partnow, J.), dated September 16, 2005, as denied those branches of their motion which were to vacate their

default in appearing or answering the complaint and for leave to serve and file an answer.

Ordered that the appeals from the order dated August 17, 2004 and the judgment are dismissed, as no appeal lies from an order or judgment made upon the default of an appealing party (*see* CPLR 5511; *Wiener v Iwachiw*, 22 AD3d 747 [2005]; *Matter of Baptiste v Emmanuel*, 21 AD3d 503 [2005]; *Catania v DeCintio*, 9 AD3d 378 [2004]); and it is further,

Ordered that the order dated September 16, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A defendant seeking to vacate a default must demonstrate a reasonable excuse for the delay in appearing and answering the complaint and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]). The defendants failed to offer a reasonable excuse for the delay in this case. The defendants were already in default when they retained their former attorney to represent them in this action. Furthermore, even if their former attorney was responsible for some of the delay, the defendants subsequently received notice of the scheduled inquest on damages, but took no steps to vacate their default and to serve an answer until after the plaintiff attempted to enforce the judgment against a bank account (*see Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]; *Eretz Funding v Shalosh Assoc.*, 266 AD2d 184 [1999]; *MRI Enters. v Amanat*, 263 AD2d 530 [1999]; *Perellie v Crimson's Rest.*, 108 AD2d 903 [1985]). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the defendants' motion which were to vacate their default and for leave to serve and file an answer. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.