■ JEAN DORRER, Respondent, v DEBORAH C. BERRY et al., Appellants. [830 NYS2d 277]—

In an action, inter alia, to recover damages for conversion of corporate assets, the defendants appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 7, 2006, which denied their motion pursuant to CPLR 5015 to vacate their default in appearing and answering the complaint.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate its default in appearing and answering the complaint must demonstrate a reasonable excuse for the delay in appearing and answering and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.,* 59 NY2d 649, 650 [1983]). In support of the defendants' motion pursuant to CPLR 5015 to vacate their default in appearing and answering the complaint, the defendant Deborah C. Berry, who is president of the defendant Dreyf Properties, Inc., claimed that she misunderstood the law and did not know how to answer, and that she had difficulty retaining an attorney. These excuses were insufficient, particularly since Berry was represented by an attorney in connection with her business relationship with the plaintiff (*see Nahar v Awan,* 33 AD3d 680 [2006]; *Moore v Claudio,* 224 AD2d 502 [1996]; *Awad v Severino,* 122 AD2d 242 [1986]; *Passalacqua v Banat,* 103 AD2d 769 [1984]). As the defendants failed to demonstrate a reasonable excuse for their delay, we need not address whether they established the existence of a meritorious defense (*see Hegarty v Ballee,* 18 AD3d 706, 707 [2005]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.