■ In the Matter of the Estate of RICHARD NIETO, Deceased. DEBORAH PERCIBALLI et al., Respondents; MICHELE APRIL, Appellant. [894 NYS2d 502]—

In a probate proceeding in which Deborah Perciballi and Louis Nieto, Jr., co-executors of the estate of Richard Nieto, petitioned pursuant to SCPA 2103 to recover certain personal property, Michele April appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated January 22, 2009, which denied her motion pursuant to CPLR 5015 (a) to vacate an order of the same court entered August 4, 2008, upon her default in answering the petition and after an inquest, inter alia, granting the petition to the extent of directing her to turn over certain personal property to the petitioners.

Ordered that the order is affirmed, with costs.

This proceeding pursuant to SCPA 2103 was commenced by an order to show cause dated November 21, 2007, directing that service of process be made on the appellant by special mail service pursuant to SCPA 307 (2) and by delivery personally to Randazzo & Randazzo, LLP, the appellant's former counsel. In opposition to that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (4) to vacate the order entered upon her default, the petitioners submitted their process server's affidavit of service together with the Express Mail track and

confirm record of the United States Postal Service to show that process was mailed to the appellant by special mail service pursuant to SCPA 307 (2) (*see* SCPA 103 [37-a]; *Matter of Worms*, 174 Misc 2d 923, 924 [1997]). In addition, the petitioners submitted their process server's affidavit of service to show that the process was delivered personally to Randazzo & Randazzo, LLP (*see* CPLR 310-a). The evidence presented by the petitioners constituted prima facie evidence of proper service of process upon the appellant in compliance with the order to show cause (*see Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 846 [2008]; *Olesniewicz v Khan*, 8 AD3d 354, 355 [2004]). The appellant's bare denial of service was insufficient to rebut the prima facie proof of proper service (*see 425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d at 846; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *Sando Realty Corp. v Aris*, 209 AD2d 682 [1994]). Contrary to the appellant's contention, the method of service prescribed in the order to show cause was one reasonably calculated, under all the circumstances, to apprise the appellant of the pendency of the proceeding (*see Bossuk v Steinberg*, 58 NY2d 916, 918-919 [1983]). Accordingly, the Surrogate's Court properly denied that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (4) to vacate the prior order based on lack of jurisdiction to render that order.

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (1) to vacate the prior order based on excusable default. To vacate the order entered upon her default in answering the petition pursuant to CPLR 5015 (a) (1), the appellant was required to demonstrate a reasonable excuse for her default and a meritorious defense to the petition (*see Matter of Olds v Binyard*, 64 AD3d 658, 659 [2009]; *Matter of Territo v Keane*, 55 AD3d 744, 745 [2008]; *Matter of Tobin*, 261 AD2d 627, 628 [1999]). The appellant's bare allegation that she believed that her former counsel and a Florida attorney were representing her interests is belied by the record (*see Moore v Claudio*, 224 AD2d 502, 503 [1996]). Furthermore, under the circumstances, her bare and unsupported claim that she was unable to afford an attorney was insufficient to excuse the more than eight-month delay in answering the petition (*see* CPLR 320 [a]; SCPA 309 [2] [b]; *Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Gerlin v Homann Trucking*, 303 AD2d 262 [2003]; *Kanat v Ochsner*, 301 AD2d 456, 457-458 [2003]; *Rottenberg v Lerner*, 232 AD2d 395 [1996]).

The appellant's remaining contention is without merit. Dillon, J.P., Miller, Eng and Hall, JJ., concur.