■ DAWN STEVENS, Appellant, v MARK ANTHONY LOUIS CHARLES, Respondent. [958 NYS2d 443]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated November 8, 2011, which granted the defendant's motion, in effect, to vacate an order of the same court dated December 2, 2009, granting the plaintiff's unopposed motion for leave to enter judgment against the defendant

on the issue of liability upon his default in appearing or answering, and any judgment entered thereon, and, in effect, for leave to serve a late answer.

Ordered that the order dated November 8, 2011, is reversed, on the law, with costs, the defendant's motion, in effect, to vacate an order of the same court dated December 2, 2009, granting the plaintiff's unopposed motion for leave to enter judgment against the defendant on the issue of liability upon his default in appearing or answering, and any judgment entered thereon, and, in effect, for leave to serve a late answer is denied, and the order dated December 2, 2009, is reinstated.

In support of that branch of his motion which was pursuant to CPLR 5015 (a) (1), the defendant was required to demonstrate a reasonable excuse for his default in appearing or answering and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940 [2012]; *Ramirez v Islandia Exec. Plaza, LLC*, 92 AD3d 747, 748 [2012]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522 [2006]). The affidavit of the plaintiff's process server constituted prima facie evidence that the defendant was validly served at his actual place of business pursuant to CPLR 308 (2) (*see Bank of N.Y. v Segui*, 68 AD3d 908, 909 [2009]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]; *Jefferson v Netusil*, 44 AD3d 621 [2007]). The defendant's bare and unsubstantiated assertion that he did not receive the complaint was insufficient to establish a reasonable excuse for his default (*see Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820 [2012]; *Reich v Redley*, 96 AD3d 1038, 1039 [2012]; *Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970, 971 [2010]; *Roberts v Anka*, 45 AD3d 752, 754 [2007]). Furthermore, the defendant's assertions that he was not familiar with the American legal system and could not afford an attorney were insufficient to excuse the approximately 15-month delay between the time that he received notice of the scheduled inquest on the issue of damages and the time that he moved to vacate his default (*see U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2010]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]; *Matter of Nieto*, 70 AD3d 831, 832 [2010]; *Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Nahar v Awan*, 33 AD3d 680, 681 [2006]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]; *Eretz Funding v Shalosh Assoc.*, 266 AD2d 184 [1999]; *Perellie v Crimson's Rest.*, 108 AD2d 903, 904 [1985]). Since the defendant failed to demonstrate a reasonable excuse, he was not entitled to relief pursuant to CPLR 5015 (a) (1) (*see O'Donnell v Frangakis*, 76 AD3d at 1000).

In support of that branch of his motion which was pursuant to CPLR 317, the defendant was required to demonstrate that he did not personally receive notice of the summons in time to defend and a potentially meritorious defense (*see* CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Cohen v Michelle Tenants Corp.*, 63 AD3d 1097, 1098 [2009]; *Reyes v DCH Mgt., Inc.*, 56 AD3d 644 [2008]). The defendant's mere denial of receipt of the summons and complaint was insufficient to establish lack of actual notice for purposes of obtaining relief pursuant to CPLR 317 (*see Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820 [2012]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 754 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081-1082 [2011]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]).

The defendant's remaining contention is without merit.

Accordingly, the defendant's motion should have been denied. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.