■ FARM CREDIT LEASING SERVICES CORPORATION, Respondent, v ABRAHAM A. RUBASHKIN, Appellant. [967 NYS2d 96]—

In an action to recover on a guaranty, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated March 29, 2012, as denied his cross motion to vacate a judgment of the same court entered

April 26, 2011, upon his default in answering, and to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant seeking to vacate a default in answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]; *Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940, 941 [2012]; *Kouzios v Dery*, 57 AD3d 949, 949 [2008]). Here, the defendant failed to demonstrate a reasonable excuse for his default in answering (*see Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]; *Abdul v Hirschfield*, 71 AD3d 707, 708 [2010]). The defendant's contention that he did not realize that his answer was due within a certain amount of time did not constitute a reasonable excuse for his default in answering (*see U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2010]; *Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822, 823 [2010]; *Dorrer v Berry*, 37 AD3d 519, 520 [2007]). Furthermore, the defendant failed to substantiate his conclusory assertions that due to his ill health and psychological state, and his financial circumstances, he was unable to answer the complaint (*see Tuthill Fin., L.P. v Ujueta*, 102 AD3d 765, 766 [2013]; *Stevens v Charles*, 102 AD3d 763, 764 [2013]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]; *Cuzzo v Cuzzo*, 65 AD3d 1274, 1275 [2009]). Since the defendant failed to demonstrate a reasonable excuse for his default in answering, the Supreme Court properly denied that branch of his cross motion which was to vacate the judgment. Contrary to the defendant's contention, the complaint's alleged failure to set forth sufficient facts to enable the Supreme Court to determine that the plaintiff possessed a viable cause of action is not a basis for vacatur of the judgment (*see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200 [2013]; *Zaidman v Zaidman*, 90 AD3d 1035, 1036-1037 [2011]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.