Golden Mtn. Income, LLC v Spencer Gifts, LLC (2018 NY Slip Op 08631)





Golden Mtn. Income, LLC v Spencer Gifts, LLC


2018 NY Slip Op 08631


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04819
 (Index No. 34071/11)

[*1]Golden Mountain Income, LLC, respondent,
v
Spencer Gifts, LLC, et al., defendants, Forshay Marketing Corp., et al., appellants.


Jeremy Rosenberg, New York, NY, for appellants.
Goldberg Weg & Markus, PLLC, New York, NY (Steven A. Weg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Forshay Marketing Corp. and Mendel Pomerantz appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 3, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendants Forshay Marketing Corp. and Mendel Pomerantz which was to vacate a judgment of the same court dated June 30, 2015, entered upon their failure to appear at a conference scheduled for September 4, 2013.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The facts underlying the dispute between the parties in this action can be found in our decision and order in a prior appeal (see Golden Mtn. Income, LLC v Spencer Gifts, LLC, 164 AD3d 475). By order dated October 1, 2013, the Supreme Court deemed the defendants Forshay Marketing Corp. and Mendel Pomerantz (hereinafter together the defendants) to be in default due to their failure to appear at a conference scheduled for September 4, 2013, and granted the plaintiff judgment in its favor and against the defendants on the issue of liability. Thereafter, an inquest was held on the issue of damages, and a judgment in favor of the plaintiff and against the defendants in the total sum of $347,524.95 was entered. The defendants subsequently moved, inter alia, pursuant to CPLR 5015(a) and in the interest of justice, to vacate the judgment entered against them. The court, inter alia, denied that branch of the motion.
A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Aurora Loan Servs., LLC, v Ahmed, 122 AD3d 557, 557). " A motion to vacate a default is addressed to the sound discretion of the motion court'" (New Century Mtge, Corp v Chimmiri, 146 AD3d 893, 894, quoting Braynin v Dunleavy, 109 AD3d 571, 571).
Under the circumstances of this case, the defendants failed to demonstrate a reasonable excuse for their default (see Matter of Nieto, 70 AD3d 831, 832; Dorrer v Berry, 37 AD3d 519, 520). Moreover, the defendants did not explain their approximately two-year delay in filing their motion to vacate the judgment entered against them after the missed conference on [*2]September 4, 2013 (see HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045-1046). Since the defendants failed to demonstrate a reasonable excuse for their default, we need not address whether they established the existence of a potentially meritorious defense (see Hegarty v Ballee, 18 AD3d 706, 707).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was to vacate their default.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court