Nanas v Govas (2019 NY Slip Op 07405)





Nanas v Govas


2019 NY Slip Op 07405


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-03123
 (Index No. 518706/16)

[*1]Nicholas Nanas, respondent, 
v
Nikolas Govas, also known as Nikolaos Govas, also known as Nicholaos Govas, appellant.


Stewart Occhipinti, LLP, New York, NY (Frank S. Occhipinti and Lauren A. Valle of counsel), for appellant.
Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for respondent.



DECISION & ORDER
In an action for a renewal judgment pursuant to CPLR 5014, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 26, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated December 14, 2016, entered upon his failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in Supreme Court, Kings County, in October 2016 pursuant to CPLR 5014 (hereinafter the 2016 action) to extend a 2006 money judgment in favor of him and against the defendant (hereinafter the 2006 judgment). The 2006 judgment was obtained by confession of judgment pursuant to CPLR 3218 filed in the King's County Clerk's Office in 2006.
The defendant's time to answer in the 2016 action expired on December 9, 2016; nonetheless, he purported to serve and file an untimely answer with counterclaims on December 16, 2016. However, a default judgment in the total sum of $270,505 had already been entered in favor of the plaintiff on December 14, 2016 (hereinafter the 2016 default judgment). Thereafter, on July 26, 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the 2016 default judgment. In an order dated October 26, 2017, the Supreme Court, inter alia, denied that branch of the defendant's motion on the ground that the defendant failed to present a reasonable excuse for his default.
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the 2016 default judgment. In order to vacate a default, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015(a)(1); Bontempts v Aude Constr. Corp., 98 AD3d [*2]1071, 1072). The defendant failed to proffer a reasonable excuse for the more than seven-month delay in moving, inter alia, to vacate the default and instead offered conclusory and unsubstantiated reasons that do not constitute a reasonable excuse (see CEO Bus. Brokers, Inc. v Algabili, 105 AD3d 989, 990; Matter of Nieto, 70 AD3d 831, 832).
Since the defendant failed to demonstrate a reasonable excuse for his default, we need not address whether he established the existence of a potentially meritorious defense (see Hegarty v Ballee, 18 AD3d 706, 707).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court